UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br>        Plaintiff,<br>    v.<br>EDMUND G. BROWN, et al.,<br>        Defendants. | Case No.  15-cv-01228-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

After frequent filer Adrian Moon filed this action, the Court ordered him to show cause "why *in forma pauperis* [status] should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g)." Dkt. No. 13 at 3.  Section 1915(g) provides that a prisoner may not bring a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The order identified five prior dismissals that appeared to count under Section 1915(g), and explained that Moon could pay the filing fee or could explain why the action should not be dismissed.

Moon filed a response to the order to show cause.  He did not show that any of the prior dismissals could not be counted as dismissals under Section 1915(g).  He did not opt to pay the filing fee and did not dispute that he was the same person as the plaintiff in each of the prior dismissals.  Moon instead argues that his instant action is a "criminal complaint," for which there is no filing fee.  However, there is no private right of action for the violation of criminal statutes. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

Moon also argues that he has been granted pauper status in a 2015 case now pending in the Eastern District of California, *Moon v. Lizarraga*, E.D. Cal. No, 15-0027 MCE-CMK.  This does not change the fact that (1) Moon has five prior dismissals that count as dismissals for purposes of Section 1915(g) and (2) he does not come within an exception to the applicability of the Section.

Accordingly, this action is DISMISSED pursuant to 28 U.S.C. § 1915(g).  The dismissal is without prejudice to Moon asserting his claims in an action for which he pays the full filing fee at the time he files his complaint.

Moon's pending motions are dismissed as moot in light of the dismissal of this action.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 8/12/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge